Judith A. Lockhart, Esq.
Michael Bauscher, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: 212-732-3200
lockhart@clm.com
bauscher@clm.com

Ellen Rosen Rogoff, Esq.
Gina M. Stowe, Esq.
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
Telephone: (215) 564-8000
erogoff@stradley.com
gstowe@stradley.com
*Attorneys for Defendant The Standard Fire
Insurance Company (incorrect named as "Travelers
Property Casualty Company of America")*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LANCER INDEMNITY INSURANCE          :      ECF Case
COMPANY as subrogee of DAKOTA DESIGN :
CENTER INC.,                        :      Case No. 1:14-cv-08748-AKH
                                    :
            Plaintiff,              :
                                    :
      -against-                     :
                                    :
HOME SOLUTIONS BUILDERS INC.,       :
CITYWIDE ADJUSTMENT CORP.           :
TRAVELERS PROPERTY CASUALTY         :
COMPANY OF AMERICA, ABC             :
CORPORATION, and JOHN DOES 1-10     :
                                    :
            Defendants.             :
                                    :
-------------------------------------------------------------X

**THE STANDARD FIRE INSURANCE COMPANY'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

7540725.1

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................1

II.     FACTUAL BACKGROUND ........................................................................................2

        A.     Procedural History.............................................................................................2

        B.     Nature of the Action and Plaintiff's Claims ....................................................2

        C.     Background of the National Flood Insurance Program ("NFIP")......................3

III.    ARGUMENT ..............................................................................................................4

        A.     Standard of Review ...........................................................................................4

        B.     Plaintiff's Complaint Should Be Dismissed as to Standard Fire, Because Plaintiff's
               Claim Against Standard Fire is Preempted by Federal Law. ...............................6

        C.     Plaintiff's Complaint Should be Dismissed for Lack of Standing Because the
               Assignment is Invalid Under the Federal Assignment of Claims Act.................8

IV.     CONCLUSION .........................................................................................................10

i

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009)................................................................................................4, 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................................................5

*Diamond v. FEMA,*
    689 F. Supp. 163 (E.D.N.Y. 1988) ................................................................................9

*Dorsey v. Portfolio Equities, Inc.,*
    540 F.3d 333 (5th Cir. 2008) ..........................................................................................5

*Dudick v. Nationwide Mut. Fire Ins. Co.,*
    2007 WL 984459 (E.D. Pa. Mar. 27, 2007)...................................................................7

*Eaker v. State Farm Fire & Cas. Ins. Co.,*
    216 F. Supp. 2d 606 (S.D. Miss. 2001)......................................................................7-8

*Fed. Crop. Ins. Corp. v. Merrill,*
    332 U.S. 380 (1947)..........................................................................................................8

*Franklin v. Hartford Fire Ins. Co.,*
    2007 WL 4219341 (E.D. La. Nov. 29, 2007) ...............................................................7

*Gallup v. Omaha Property and Cas. Ins. Co.,*
    434 F.3d 341 (5th Cir. 2005) ..........................................................................................6

*Gowland v. Aetna,*
    143 F.3d 951 (5th Cir. 1998) ..........................................................................................1

*Jacobson v. Metro. Prop. & Cas. Ins. Co.,*
    672 F.3d 171 (2nd Cir. 2012).................................................................................4, 6, 8

*Jamal v. Travelers Lloyds of Texas Ins. Co.,*
    129 F. Supp. 2d 1024 (S.D. Tex. 2001) ........................................................................7

*Mancini v. Redland Ins. Co.,*
    248 F.3d 729 (8th Cir. 2001) ..........................................................................................4

*Midland Mortgage Co. v. State Farm Fire & Cas. Co.,*
    2009 WL 1789419 (E.D. La. June 23, 2009)................................................................7

7540725.1

*Neill v. State Farm Fire & Cas. Co.*,
   159 F. Supp. 2d 770 (E.D. Pa. 2000) ...................................................................8

*Office of Personnel Mgmt. v. Richmond*,
   496 U.S. 414 (1990) ...........................................................................................8

*Pecarovich v. Allstate Ins. Co.*,
   135 Fed.Appx. 23 (9th Cir. 2006) .......................................................................7

*Perdido Sun Condominium Ass'n, Inc. v. Nationwide Mut. Ins. Co.*,
   2007 WL 2565990 (N.D. Fla. Aug. 30, 2007) ....................................................7

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ...............................................................................5

*Scritchfield v. Mutual of Omaha Ins. Co.*,
   341 F. Supp. 2d 675 (E.D. Tex. 2004) ...............................................................7

*Shuford v. Fidelity Nat. Property & Cas. Ins. Co.*,
   508 F.3d 1337 (11th Cir. 2005) ........................................................................6-7

*True v. Robles*,
   571 F.3d 412 (5th Cir. 2009) ..............................................................................4

*Van Holt v. Liberty Mut. Fire Ins. Co.*,
   163 F.3d 161 (3d Cir. 1998)............................................................................1, 3

*Wang v. Fid. Nat'l Ins. Program*,
   2007 WL 4463427 (E.D. La. Dec. 17, 2007) .....................................................7

*Wright v. Allstate Ins. Co.*
   415 F.3d 384 (5th Cir. 2005) ..............................................................................6

## CODES

28 U.S.C. §§ 1441 and 1446 .........................................................................................2

31 U.S.C. § 3727 ...........................................................................................................9

42 U.S.C. § 4001 ....................................................................................................2, 3, 6

42 U.S.C. § 4013 ...........................................................................................................3

42 U.S.C. § 4017 ...........................................................................................................1

42 U.S.C. § 4019 ...........................................................................................................3

7540725.1

42 U.S.C. § 4071 ................................................................................................1, 4

42 U.S.C. § 4072 ...................................................................................................2

<u>RULES</u>

44 C.F.R. Pt. 61. App. A ................................................................................2, 3, 4, 6

44 C.F.R. § 62.23 ..............................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 2, 4, 5

Fed. R. Civ. P. 81(c)(2)(C) .....................................................................................2

Defendant, the Standard Fire Insurance Company (improperly identified as Travelers Property Casualty Company of America (hereinafter "Standard Fire"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury,[3] moves to dismiss the Complaint of Plaintiff, Lancer Indemnity Insurance Company, as subrogee of Dakota Design Center, Inc. ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This action involves a federally pre-empted claim brought by a party without standing to bring any claim against Standard Fire. Plaintiff alleges that the insured property (the "Property") of its subrogor, Dakota Design Center, Inc. ("Dakota") suffered severe flood damage as a result of Superstorm Sandy. Plaintiff asserts claims against Standard Fire, a Write-Your-Own company that issued Dakota's Standard Flood Insurance Policy ("SFIP"), in connection with Standard Fire's handling of Dakota's flood insurance claim following Superstorm Sandy. In particular, Plaintiff alleges that Standard Fire failed to take appropriate precautions to prevent an electrical fire at the Property following the flood.

Plaintiff's claim against Standard Fire fails for at least two reasons. First, Plaintiff's claim is expressly pre-empted by the SFIP and the National Flood Insurance Act. Second, Plaintiff lacks standing to bring any claim for benefits under the insured's SFIP because the

---

[1] *See* 44 C.F.R. § 62.23(f).

[2] *See* 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951 (5th Cir. 1998).

[3] *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161 (3d Cir. 1998).

1

Complaint does not and cannot allege that Plaintiff has complied with the Federal Assignment of Claims Act.  As such, Plaintiff's Complaint should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

### A.   Procedural History

Plaintiff commenced this action by filing a Complaint ("Complaint") in the Supreme Court of the State of New York, County of New York, Index No. 15941717-2014.[4]  Pursuant to 28 U.S.C. §§ 1441 and 1446, Standard Fire removed the Complaint to this Court on November 3, 2014.  Under Fed. R. Civ. P. 81(c)(2)(C), Standard Fire has until November 10, 2014 to respond to the Complaint.  Therefore, Standard Fire now moves for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### B.   Nature of the Action and Plaintiff's Claims

This action involves a dispute involving a SFIP issued under the National Flood Insurance Program ("NFIP").  Standard Fire is a Write-Your-Own ("WYO") company participating in the NFIP.  The SFIP itself is a codified federal regulation governed by federal law and, specifically, by the National Flood Insurance Act, 42 U.S.C. § 4001, et seq. ("NFIA").

Standard Fire issued a SFIP bearing policy number 6010161377 for the policy period March 7, 2012 through March 7, 2013 (the "Policy") to Dakota Design Center, Inc. ("Dakota") for the property located at 1565 Merrick Road, Merrick, NY 11566 (the "Property").  The Policy is a codified federal regulation that contains the terms and conditions mandated by the federal government.  *See* 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1).

---

[4] A copy of the Complaint is attached as Exhibit B to the Declaration of Michael Bauscher dated November 10, 2014.

The Property suffered certain flood losses due to Superstorm Sandy on October 29, 2012. (*See* Complaint ¶ 12.)   According to the Complaint, following the flood, Dakota, Citywide Adjustment Corp. ("Citywide"), "and/or Dakota's insurer's" retained Home Solutions Builders Inc. ("Home Solutions") to perform remediation and construction work to the Property. (Complaint ¶ 13.)   Plaintiff alleges that Standard Fire investigated the flood damage to the Property caused by the flood and "purported to take appropriate precautions to service and remediate the Property to mitigate the damage" resulting from the flood.   (Complaint ¶ 27.) Plaintiff further alleges that Standard Fire was "negligent, reckless, and/or otherwise failed to use due care" by failing to take appropriate precautions to prevent a fire when electrical power was restored on November 3, 2012.  (Complaint ¶ 28.)

C.   **Background of the National Flood Insurance Program ("NFIP")**

Congress created the NFIP under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* ("NFIA").  *See, e.g., Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 165-66 (3d Cir. 1998) (discussing history and organization of NFIP and WYO Program).   The Director of FEMA is charged with overseeing and implementing the NFIP.   By statute, the Director of FEMA is authorized to promulgate regulations "for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. §§ 4013, 4019.   The regulations also prescribe the methods by which proved and approved losses under an SFIP may be adjusted and paid.   *See id.*   Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the SFIP found in" 44 C.F.R. Pt. 61. App. A(2).  *Id.*  Beginning on April 1, 1979, FEMA became responsible for the operation of the NFIP through the facilities of the federal government.  *See* 42

3

U.S.C. § 4071(a).  The Director of FEMA is authorized to use private insurance companies as "fiscal agents of the United States" and to enter into any necessary contracts with insurance companies to implement the NFIP.  *See id.* at § 4081.

In 1983, FEMA created the WYO Program.  *See id.*  The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, SFIPs.  *See* 44 C.F.R. § 62.23.  Participating companies in the WYO Program, such as Standard Fire, are known as WYO companies.  *See id.*  A WYO company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment, and defense of all claims arising from policies of flood insurance it issues under the NFIP, based upon the terms and conditions of the SFIP.  44 C.F.R. § 62.23(d).  Significantly, flood insurance policies issued by WYO companies, including Standard Fire, all have the same terms and conditions of the SFIP, which is a codified regulation.  *See* 44 C.F.R. Pt. 61. App. A(2).  In its capacity as a WYO company, Standard Fire acts in a fiduciary capacity as fiscal agent of the United States.  *Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 175 (2nd Cir. 2012); *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 734 (8th Cir. 2001).

## III.  ARGUMENT

### A.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quoting Fed. R. Civ. P. 12(b)(6)).  On a Rule 12(b)(6) motion, all of the allegations contained in the plaintiff's complaint are accepted as true, and the

4

complaint is construed liberally in favor of the party opposing the motion. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

A complaint need not contain "detailed factual allegations," but it must allege facts sufficient to "raise a right to relief that rises above the speculation level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*  (Emphasis added).

In considering a motion under Fed. R. Civ. P. 12(b)(6), the court is normally required to look only to the allegations on the face of the complaint. *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007).  However, in certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6).  Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.  *Id.*  In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion.  *Id.*

Dakota's flood policy with Standard Fire is integral to Plaintiff's claim against Standard Fire, as it is the sole basis for compensation against Standard Fire.  For this reason, it is proper for the Court to consider Dakota's Standard Flood Insurance Policy (the "Policy") while ruling

5

on this Rule 12(b)(6) motion.  Accordingly, for the Court's consideration, Standard Fire submits the Declaration Page of the Policy.  (*See* Declaration Page, attached as Exhibit A to the Declaration of Lori Magnuson dated November 10, 2014).

      **B.**      **Plaintiff's Complaint Should Be Dismissed as to Standard Fire, Because Plaintiff's Claim Against Standard Fire is Preempted by Federal Law.**

It is well-settled law that state law claims brought against a WYO company, such as Standard Fire, in connection with claims handling are pre-empted by federal law.  In fact, Plaintiff's claims are expressly preempted by the terms of the SFIP as enacted by FEMA. Specifically, the SFIP includes the following express preemption clause:

> **IX.  What Law Governs**
>
> This policy and **all disputes** arising from the handling of any claim under the policy are governed **exclusively** by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law.

*See* 44 C.F.R. pt. 61, app. A(2), art. IX (emphasis added).

The Second Circuit has addressed this straightforward provision, finding that all state law claims are preempted, recognizing that "[a]ll disputes arising from the handling of any claim under [a NFIP] policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended, and Federal common law." *Jacobson*, 672 F.3d at 174 (quoting 44 C.F.R. Pt. 61. App. A(1), Art. IX).  Other circuits have similarly spoken in unison: state law claims are preempted by the express terms of the SFIP.  *See Wright v. Allstate Ins. Co.* 415 F.3d 384, 390-91 (5th Cir. 2005) (plaintiffs' state law claims "clearly are preempted by NFIA"); *Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005) (Article IX of the SFIP does indeed preempt state law); *Shuford v. Fidelity Nat.*

*Property & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2005) ("[t]he plain language of the [SFIP], which is embodied in a federal regulation, reflects a clear intent to preempt claims under state law."); *Pecarovich v. Allstate Ins. Co.*, 135 Fed.Appx. 23, 25 (9th Cir. 2006) (same).

Following this preemption principle, courts nationwide have routinely dismissed state law claims brought against WYO companies in connection with SFIP coverage disputes.  Courts nationwide have routinely dismissed extra-contractual claims contesting a flood loss determination asserted against WYO companies.  *See, e.g., Midland Mortgage Co. v. State Farm Fire & Cas. Co.*,  2009 WL 1789419, *4 (E.D. La. June 23, 2009) (holding that plaintiff "cannot recover state-law based extra-contractual claims under the SFIP"); *Wang v. Fid. Nat'l Ins. Program*, 2007 WL 4463427 (E.D. La. Dec. 17, 2007) (dismissing, with prejudice, plaintiffs' lawsuit and their claims for extra-contractual damages sought under an SFIP "because such claims are barred and preempted by federal constitutional, statutory and regulatory law"); *Franklin v. Hartford Fire Ins. Co.*, 2007 WL 4219341 (E.D. La. Nov. 29, 2007) (granting motion for judgment on the pleadings on claims for extra-contractual damages in suit brought pursuant to the NFIA, on the basis that such claims are preempted by federal law); *Dudick v. Nationwide Mut. Fire Ins. Co.*, 2007 WL 984459, *4 (E.D. Pa. Mar. 27, 2007) (dismissing negligence claims against a defendant WYO company as "little more than an attempt to recover - under tort theories - their asserted benefits due under the policy."); *Perdido Sun Condominium Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 2007 WL 2565990, *5 (N.D. Fla. Aug. 30, 2007) ("this court concludes that Perdido Sun has impermissibly attempted to cast its state law negligence claim … as [a] federal common law claim.  The court declines to recognize Perdido Sun's negligence claim as sounding in federal common law."); *Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F.

7

Supp. 2d 606, 621 (S.D. Miss. 2001) (concluding that claims for state law extra-contractual damages and punitive damages are "preempted and prohibited by federal law pursuant to the provisions of the [NFIA]"); *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 129 F. Supp. 2d 1024 (S.D. Tex. 2001) (state law claims of breach of duty of good faith and fair dealing and other alleged violations of state law are preempted by NFIA); *Neill v. State Farm Fire & Cas. Co.*, 159 F. Supp. 2d 770 (E.D. Pa. 2000) (state unfair trade practices claims, consumer protections law claims, bad faith claims are preempted by NFIA).

Based on this overwhelming law, and because Plaintiff's claim is a really a claim for payment of proceeds under Dakota's SFIP, and is plainly pre-empted.[5]

C.     **Plaintiff's Complaint Should be Dismissed for Lack of Standing Because the Assignment is Invalid Under the Federal Assignment of Claims Act.**

Putting aside the legal validity of Plaintiff's claims, Plaintiff lacks standing to sue Standard Fire at all.  This lawsuit is premised on Plaintiff's purported status as assignee of

---

[5] Even were the foregoing not abundantly clear, Plaintiff's state law claims against Standard Fire are also barred because they constitute an unauthorized charge on the Federal Treasury.  *See Scritchfield v. Mutual of Omaha Ins. Co.,* 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004) ("[P]ayments made under FEMA-issued flood insurance policies are a direct charge on the public treasury.").  Where federal funds are at stake, the Appropriations Clause of the United States Constitution requires "that public funds . . . be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to . . . the individual pleas of litigants." *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 428 (1990).  Allowance of Plaintiff's state law claims against Standard Fire would require this Court to violate that edict.   "While this interpretation might seem harsh, the court must respect congressional intent as to when to charge the public treasury." *Jacobson*, 672 F.3d at 176 (quoting *Fed. Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947)).  As such, Plaintiff's Complaint should be dismissed, because granting the relief requested would be contrary to the express provisions of the SFIP and its governing statutes and would violate the Appropriations Clause of the United States Constitution.

8

Dakota's SFIP rights, yet Plaintiff has failed to comply with the Federal Assignment of Claims Act.  The Act governs, "a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim."  31 U.S.C. § 3727(a)(1).  The courts have recognized that the Act applies to an assignment of rights under a SFIP.  *See Diamond v. FEMA*, 689 F. Supp. 163, 167 (E.D.N.Y. 1988).  The requirements of the Act are most easily separated into two types: timing and form.  *See* 31 U.S.C. § 3727(b).

Pursuant to the timing requirements, an assignment subject to the Act is only valid if it is made: (1) after a claim is allowed; (2) after the amount of the claim is decided; and (3) after a warrant for payment of the claim has been issued.  *Id.*  Once the warrant has been issued, the form requirements mandate that the assignment (1) specify the warrant; (2) be made freely; (3) be attested to by two witnesses; and (4) include a certificate stating that the assignor acknowledged the assignment before an official, and that the official completely explained the assignment when it was acknowledged.  *Id.*

The facts pled in the Complaint regarding the assignment do not establish that the assingment conforms with the Act's requirements.  First, the Complaint does not allege that Dakota's claim was allowed prior to the date of the purported assignment between Plaintiff and Dakota.  Second, the Complaint does not allege that the assignment was attested to by two witnesses, and likewise does not allege that the assignment contains the required certificate.  Accordingly, the assignment, as described by the Complaint, falls woefully short of alleging that it meets both the time and form requirements of the Act, and thus fails to serve as a valid assignment to Plaintiff of Dakota's SFIP benefits.  With no rights under the Policy, Plaintiff has no basis for a cause of action against Standard Fire, and its Complaint should be dismissed.

9

IV.     **CONCLUSION**

For the foregoing reasons, Standard Fire respectfully requests (i) that its motion be granted and that Plaintiff's Complaint be dismissed with prejudice, and (ii) that this Court grant such other and further relief as it deems just and proper.

Dated: November 10, 2014
New York, New York

CARTER LEDYARD & MILBURN, LLP

Judith A. Lockhart, Esq.
Michael Bauscher, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: 212-732-3200
lockhart@clm.com
bauscher@clm.com

-and-

Ellen Rosen Rogoff, Esq.
Gina M. Stowe, Esq.
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
Telephone: (215) 564-8000
erogoff@stradley.com
gstowe@stradley.com

*Attorneys for Defendant*
*The Standard Fire Insurance Company (incorrect named as "Travelers Property Casualty Company of America")*

10

7540725.1